_____

No. 95-3113
_____

United States of America,      *
                               *
        Appellee,              *
                               *  Appeal from the United States
    v.                         *  District Court for the
                               *  District of South Dakota.
Richard L. Hale,               *
                               *  [UNPUBLISHED]
        Appellant.             *


_____

        Submitted:  January 30, 1996

          Filed:  February 2, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


    Richard L. Hale appeals the sentence imposed by the district
court[1] after he pleaded guilty to aggravated sexual abuse, in
violation of 18 U.S.C. §§ 1153 and 2241(c).  For reversal, Hale
argues the district court clearly erred in assessing a use-of-force
enhancement under U.S.S.G. § 2A3.1(b)(1).  We affirm.


    As relevant, Hale's plea agreement provided that the
government would not assert or argue for a use-of-force
enhancement.  In Hale's presentence report (PSR), the probation
officer recommended the enhancement based upon incriminating pre-
plea statements Hale had made to investigators.  Hale objected.  At
sentencing, the district court questioned the probation officer

_____

[1]The Honorable Charles B. Kornmann, United States District
Judge for the District of South Dakota.

about the recommendation. The officer testified that he recommended the enhancement based on Hale's admission to investigators that he forced the victim to engage in intercourse. Although given the opportunity, Hale did not cross-examine the officer on this issue nor did he contest the accuracy of his reported admission. The court then found that force had been used and assessed the enhancement. The court sentenced Hale to 188 months imprisonment and four years supervised release, and ordered him to pay $11,112.70 in restitution.

Section 2A3.1(b)(1) states that "[i]f the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b) . . . increase by **4** levels." Section 2241(a)(1) prohibits causing another person to engage in a sexual act "by using force against that person." We review a district court's factual findings for clear error. United States v. Saknikent, 30 F.3d 1012, 1013 (8th Cir. 1994) (standard of review).

On appeal, Hale argues the district court clearly erred in assessing the enhancement because the factual basis for the enhancement was derived from hearsay testimony. A district court may base a finding of fact in its sentencing determination on reliable hearsay evidence. United States v. Wise, 976 F.2d 393, 402 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 1592 (1993). After reviewing the record, we conclude that the probation officer's testimony was "sufficiently reliable" for a finding of fact. See id. at 403-04 (probation officer's hearsay testimony reliable where "source" of information came from other investigatory-governmental agencies). Because Hale's statements alone provided a basis to conclude he used force to commit the instant offense, the district court did not clearly err in assessing the enhancement.

Accordingly, the judgment is affirmed.

-2-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGpHTH CIRCUIT.